# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRIAN J. CUMMINGS,

    Petitioner,

Case No. 1:09-cv-241

  -vs-

District Judge S. Arthur Spiegel
Magistrate Judge Michael R. Merz

WARDEN, Ross Correctional Institution,

    Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for decision on the merits.

Petitioner was convicted by a jury in the Butler County Common Pleas Court of operating a motor vehicle under the influence of alcohol with a specification of prior convictions, driving under suspension, and carrying a concealed weapon. Petitioner is serving a ten-year sentence in Respondent's custody (five years on the base OMVI offense, five years consecutive on the specification, six months each concurrent on the suspension and weapons charges). He pleads the following grounds for relief:

> **Ground One:** Petitioner is entitled to habeas corpus relief on grounds that his conviction is based on insufficient evidence, is void for lack of proof.
>
> **Supporting Facts:** The State of Ohio failed to prove, beyond a reasonable doubt, Petitioner's guilt pertaining to the conviction of 'D.U.I. with priors,' and failed to prove the conviction for 'driving under a suspended license,' in violation of the 14th Amendment.
>
> **Ground Two:** Petitioner is entitled to habeas corpus relief on

grounds that the prosecution withheld material-exculpatory/evidence, and used perjured testimony.

**Supporting Facts:** The prosecution used evidence by the police that the prosecution knew was perjured testimony, and the prosecution withheld material/exculpatory evidence. In violation of the due process clause, Amend. XIV, thus denying petitioner to a fair trial.

**Ground Three:** Petitioner was deprived of his constitutional right to the effective assistance on direct appeal.

**Supporting Facts:** Appellate counsel failed to raise on direct appeal that: (1) the 'prior' D.U.I. convictions, were not proven beyond a reasonable doubt, (2) that my trial counsel was ineffective, and (3) sentencing errors under *Blakely*.

**Ground Four:** Petitioner is entitled to habeas corpus relief on grounds of actual innocence and new evidence.

**Supporting Facts:** Petitioner is actually innocent and has new evidence "witness" testimony to prove his innocence. Petitioner's conviction is a fundamental miscarriage of justice as a result of perjured evidence and ineffective counsel.

(Petition, Doc. No. 1, as quoted in Return of Writ, Doc. No. 6, PageID 33.)

### Ground One

In his first ground for relief, Petitioner asserts that he was convicted on insufficient evidence on the prior convictions element of the OMVI charge and on the driving under suspension charge.

A claim that a conviction is supported by insufficient evidence states a claim for habeas corpus relief under the Due Process Clause. The standard is set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979):

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could

>have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was adopted as a matter of Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

Respondent notes that Petitioner presented an insufficient evidence claim on direct appeal and quotes at length the ruling of the Twelfth District Court of Appeals finding that there was sufficient evidence (Return of Writ, Doc. No. 6, PageID 45-51). However, Petitioner's direct appeal claim was that there was insufficient evidence that (1) he was the driver of the truck which the police found him near after a crash, (2) he was drunk, or (3) that the items he was found to have on his person constituted deadly weapons. Petitioner has reargued at length in his Traverse the evidence on whether he was the driver, but that is not the claim he has pled in this Court.

. The claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506 (6th Cir. 1993); *Riggins v. McMackin,* 935 F.2d 790 (6th Cir. 1991).

If a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002), *citing Wong v. Money*, 142 F.3d 313, 322

(6th Cir. 1998); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will not save it).

Petitioner did not present on direct appeal the claim he now presents that the evidence of prior convictions and the evidence of driving under suspension was insufficient. The question of whether a conviction is supported by sufficient evidence is clearly one that depends on the evidence presented at trial and is therefore required under Ohio law to be presented on direct appeal. Because Petitioner failed to present his insufficiency of the evidence claim on direct appeal, he has procedurally defaulted on that claim.

A procedural default can be excused by a showing of cause and prejudice. The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *see also Simpson v. Jones,* 238 F. 3rd 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). *Wainwright*

replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

One way to show cause and prejudice is to establish that the procedural default was the result of ineffective assistance of counsel. Because the omission in question here was on direct appeal, Petitioner would be required to show ineffective assistance of appellate counsel. The ineffective assistance claim cannot be presented as cause if it was itself procedurally defaulted in the state courts, unless one of the standard excuses for that procedural default exists, to wit, actual innocence or cause and prejudice. *Edwards v. Carpenter,* 529 U.S. 446 (2000). Petitioner attempted to show his appellate attorney was ineffective with respect to **part** of his first Ground for Relief when he asserted in his Application for Reopening under Ohio R. App. P. 26(B) that his appellate attorney omitted the claim that the State had not proven the prior convictions beyond a reasonable doubt (See Exhibit 25 to Return of Writ, Doc. No. 6). The Ohio Court of Appeals denied the Application for Reopening, holding:

> Appellant first argues that counsel was ineffective for not presenting an assignment of error challenging the state's failure to prove prior OVI offenses as a prerequisite to a felony OVI conviction.
>
> Appellant cites *State v. Brooke*, 113 Ohio St.3d 199, 2007-0hio-1533, in support of his position. In *Brooke*, the Ohio Supreme Court held that prior OVI convictions could not be used to enhance an OVI charge from a misdemeanor to a felony where the prior OVI convictions were the result of uncounseled pleas. Appellant does not allege that his prior OVI convictions resulted from uncounseled pleas; he only contends that the state's evidence was insufficient to establish his identity as the subject of the prior OVI convictions.
>
> A review of the certified copies of the sentencing entries of the prior OVI convictions and the prosecution's other trial evidence reveals that the state presented sufficient evidence to identify appellant both as the individual named in the OVI entries and as the offender in the case 1t bar. See, *State v. Bolish*, Butler App. No. CA2005-10-441, 2006-0hio-5375; R.C 2945.75(B).

(Entry, Return of Writ, Doc. No. 6, PageID 731-732.)

In reaching its conclusion that there was no ineffective assistance of appellate counsel as to this constitutional claim, the Butler County Court of Appeals applied the correct federal standard as enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984)(cited at PageID 731). It noted that the principal citation relied on by Petitioner – *State v. Brooke*, 113 Ohio St.3d 199 (2007) – was not helpful to Petitioner's case because it was about uncounseled prior convictions. *Id.*. It reviewed the certified copies of sentencing entries and other identifying evidence which it found was sufficient to prove that Petitioner was the same person named in the prior entries. PageID 732. It cited to what Petitioner claims is the correct statute governing this matter, Ohio Revised Code § 2945.75 (B). It cited its own prior case of *State v. Bolish*, 2006 Ohio 5375, 2006 Ohio App. LEXIS 5347 (2006), on the quantum of proof necessary to connect prior convictions with a present defendant. Nothing in Ohio law requires that a live witness appear to identify the present offender as the same person previously convicted. Here, the prior convictions relied on by the State were officially recorded to Petitioner's driving record by the Registrar of Motor Vehicles and a certified copy of that record was presented. Nothing about the state of the evidence suggests that if appellate counsel had raised this issue, there would certainly have been a reversal, especially since the Court of Appeals reviewed the evidence itself and found it sufficient when it denied the Rule 26(B) Application.

Therefore the Court of Appeals decision on Petitioner's ineffective assistance of appellate counsel claim as to insufficient evidence of prior convictions is not an objectively unreasonable application of *Strickland v. Washington*. It is accordingly entitled to deference by this Court. Because Petitioner has not proven ineffective assistance of appellate counsel as to this claim, he has not excused his procedural default in presenting it on direct appeal.

Petitioner's other option to excuse his procedural default on the first part of his insufficiency of the evidence claim is to show he is actually innocent. In *Murray v. Carrier,* 477 U.S. 478, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986), the Supreme Court recognized an exception to the cause and prejudice requirement for a petitioner who could demonstrate actual innocence. However, actual innocence means factual innocence as compared with legal innocence. *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). "A prototypical example of actual innocence in a colloquial sense is the case where the State has convicted the wrong person of the crime." *Sawyer v. Whitley,* 505 U.S. 333 (1992). To come within the actual innocence exception to the required showing of cause and prejudice with respect to an abuse of the writ, a habeas petitioner or §2255 movant must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. That is, the petitioner must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt' in the light of the new evidence he or she is tendering. In reaching this conclusion, the habeas court may need to make credibility determinations. *Schlup v. Delo*, 513 U.S. 298 (1995), adopting standard from *Murray v. Carrier*, 477 U.S. 478 (1986). The petitioner must show, not that **some** constitutional error probably resulted in his conviction although he is innocent, but that the **particular** constitutional error of which he is complaining did so. *Sowell v. Collins*, C-1-94-237 (S.D. Ohio February 18, 1998)(Sargus, J.), slip op. at 45, rev'd on other grounds, *Sowell v. Bradshaw*, 372 F.3d 821 (6th Cir. 2004), citing *Sawyer v. Whitley,* 505 U.S. 333, 348-49 (1992); *Smith v. Murray*, 477 U.S. 527, 538 (1986).

In *House v. Bell,* 547 U.S. 518 (2006), the Supreme Court applied *Schlup* and found that petitioner produced sufficient new evidence to pass through the gateway. The Sixth Circuit applies *Schlup* to determine whether a habeas applicant has made a cognizable claim of actual innocence,

-7-

*McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007). This is a different standard from that of *Jackson v. Virginia*, 443 U.S. 307 (1979): under *Jackson*, the mere existence of sufficient evidence to convict is determinative, while that is not true under *Carrier*. The question is whether the petitioner presents evidence of innocence "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error."

What new evidence of actual innocence does Petitioner offer? No proof is attached to the Petition. Petitioner filed a 93-page Traverse which contains an Affidavit of Verity as to all the factual statements made in the Petition and Traverse, but it is unsigned. Even if it were actually sworn to, any admissible evidence that Petitioner himself has (i.e., any testimony he could give if called to the stand – not including hearsay) is not "new" evidence because Petitioner himself would have known it at the time of trial.

With respect to the second part of Petitioner's insufficiency claim – that there was insufficient evidence to convict of driving on a suspended license – this claim was not presented on direct appeal and Petitioner did not claim in his 26(B) Application that it was ineffective assistance of appellate counsel to fail to do so. This portion of the claim is, then, also procedurally defaulted.

Petitioner's first Ground for Relief should be dismissed with prejudice as procedurally defaulted.

**Ground Two**

In his second ground for relief, Petitioner asserts prosecutorial misconduct by use of perjured testimony and the withholding of exculpatory evidence.

As to the perjured testimony claim, Respondent asserts this claim is procedurally defaulted because it was never presented to the state courts (Return of Writ, Doc. No. 6, PageID 53-54). Although Petitioner discusses his knowing use of perjured testimony claim at length in his Traverse (Doc. No. 21, PageID 1141-1145), he does not offer any refutation of Respondent's assertion that this claim was not presented to the state courts. The perjured testimony claim is therefore procedurally defaulted.

The second portion of this claim – withholding of exculpatory evidence – is made under *Brady v. Maryland*, 373 U.S. 83 (1963), which held that the State has a duty to produce exculpatory evidence in a criminal case; if the State withholds evidence and it is material, the conviction must be reversed. A reviewing court is to assess materiality in light of the evidence actually presented at trial. *Kyles v. Whitley*, 514 U.S. 419 (1995). *Brady* "is concerned only with cases in which the government possesses information which the defendant does not, and the government's failure to disclose the information deprives the defendant of a fair trial." *United States v. Mullins*, 22 F.3d 1365, 1371 (6th Cir. 1994). There is no *Brady* violation where the defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory information or where the evidence is available to the defendant from another source. *United States v. Clark*, 928 F.2d 733, 738 (6th Cir. 1991).

Petitioner presented a *Brady* claim relating to the ignition key and the destruction of the pickup truck as his third assignment of error on direct appeal (Appellant's Brief, Ex. 10 to Return of Writ, Doc. No. 6, PageID 114-120). The Court of Appeals ruled on this claim as follows:

¶ 32 Appellant argues that the trial court erred in refusing to grant him a new trial since he presented claims alleging prosecutorial misconduct in the discovery and production of evidence, cognizable under Crim.R. 33(A)(2), as well as the presentation of newly discovered evidence, cognizable under Crim.R. 33(A)(6). Crim.R. 33 states in pertinent part:

> ¶ 33 "(A) Grounds. A new trial may be granted on motion ofthe defendant for any of
> the following causes affecting materially his substantial rights:
> ¶ 34 ***
> ¶ 35 "(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;
> ¶ 36 * * *
> ¶ 37 "(6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at trial."

## Prosecutorial Misconduct

¶ 38 Appellant argues that prosecutorial misconduct occurred during his trial. He claims that the state failed to disclose exculpatory information, namely that the vehicle had been destroyed, and also failed to disclose during discovery certain evidence it intended to use at trial. Appellant asserts that the prosecutorial misconduct violated his due process rights under *Brady v. Maryland* (1963),373 U.S. 83, 87, 83 S.Ct. 1194, or in the alternative that the failure to disclose pursuant to his motion for discovery was improper under Crim. R. 16.

¶ 39 The Ohio Supreme Court has recognized that "[t]he suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *State v. Johnston* (1988), 39 Ohio St,3d 48, paragraph four of the syllabus, citing *Brady v. Maryland*. In making the determination of whether a due process violation exists, "evidence shall be deemed material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different" *Johnston* at paragraph five of the syllabus. A reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome" Id.., citing *United States v. Bagley* (1985),473 U.S. 667, 105 S.Ct. 3375.

-10-

¶ 40 *Brady* and its progeny apply only to evidence unknown to the defendant at the time of the trial. See *United State v. Agurs* (1976). 427,U.S. 97,103,96 S.Ct. 2392. According to the record, appellant was aware of the existence of this evidence. As such, we find that there can be no Constitutional violation in the state's failure to disclose those items.

¶ 41 While appellant argues that the destruction of the truck is potentially exculpatory because evidence of the destruction of the truck could have been presented to the jury to rebut the circumstantial evidence that he was the driver of the truck, we note that appellant has failed to clearly articulate how the fact the destruction of the truck would have rebutted any of the evidence presented by the state. Rather appellant speculates that had he known that the truck had been destroyed, he would have been able to argue that he was denied the opportunity to introduce evidence that would have rebutted the state's evidence or impeached the state's witnesses. Appellant's speculation does not demonstrate how the destruction of the truck is in any way exculpatory. The prosecutor did not suppress evidence that was material either to the appellant's guilt or his punishment, and as such, there was no *Brady* violation.

¶ 43 Appellant also claims that it was misconduct for the prosecuting attorney to fail to disclose as tangible property in its possession the keys, ignition, and an empty beer keg, as required under Crim.R. 16(.B)(1)(c), in response to appellant's motion for discovery. Crim.R. 16(B)(1 )(c) requires the prosecutor, upon motion of the defendant and order of the court, "to permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places ... within the possession, custody or control of the state, that are material to the preparation of his defense. or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant."

¶ 44 Appellant failed to object to the admission of the evidence during his trial. The failure to promptly object and call to the attention of the trial court an error at a time when the trial court can prevent or correct it amounts to a waiver of the right to complain of any error except for plain error. *State v. Lott* (1990),51 Ohio St.3d 160, 174. citing *State v. Gordon* (1971), 28 Ohio St,2d 45 at paragraph two of the syllabus. Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." For a reviewing court to find plain error, the court "must find error, the error must be

-11-

plain, which means an obvious defect in trial proceedings, and the error must have affected the defendant's substantial rights." *State v. Davis,* Cuyahoga App. No. 88649, 2007-Ohio-3419, '117, citing *State v. Barnes*, 94 Ohio St.3d 21, 2002-Ohio-68. Crim.R. 52(B) is discretionary in nature. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Landrum* (1990).53 Ohio St.3d 107, 111.

¶ 45 Allegations of prosecutorial misconduct related to violations of Crim.R. 16 "result in reversible error only when there is a showing that :(1) the prosecution's failure to disclose was willful, (2) disclosure of the information prior to trial would have aided the accused's defense, and (3) the accused suffered prejudice. *State v. Jackson*, 107 Ohio St.3d 53, 2005-Ohio-5981, ¶131, citing *State v. Parson* (1983), 6 Ohio St.3d 442, 445. There is no indication that the prosecution's failure to disclose was willful. In fact, there is every indication that the prosecutor intended and attempted to disclose the information to appellant. Both the truck and the keg were the subject of photographs that were disclosed to appellant pursuant to his discovery requests. The supplement to the state's response to the discovery request contained a note regarding the keys, such that appellant had notice that the keys were in the state's possession.

¶ 46 Also, appellant was aware that the state was in possession of the truck, so he could have made specific discovery requests regarding the vehicle had he so desired. Furthermore, appellant has made no argument as to how the disclosure of the evidence would have benefitted his defense other than the bare assertion that he would have had the opportunity to impeach witnesses had he known that the evidence had been destroyed. As a result, it is difficult to determine how appellant was prejudiced by the alleged failure to disclose. Because the alleged misconduct does not meet ·the requirements outlined in *Jackson*, we do not see plain error in the trial court's decision to deny appellant's motion for a new trial.

### Newly-Discovered Evidence

¶ 47 The decision "to grant or deny a motion for a rew trial on the basis of newly discovered evidence is within the sound discretion of the trial court and, absent an abuse of discretion. that decision will not be disturbed." *State v. Hawkins* (1993), 66 Ohio St.3d 339. 350. "An abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary

-12-

> or unconscionable." *State v. Jackson*, 107 Ohio St.3d 53, 89, 2005-0hio-5981, ¶181. In order to prevail on a motion for a new trial based on newly discovered evidence, the moving party is required to establish that the new evidence: "(1) discloses a strong probability that it will change the result if a new trial is granted; (2) has been discovered since the trial; (3) is such as could not in the exercise of due diligence have been discovered before the trial; (4) is material to the issues; (5) is not merely cumulative to former evidence; and (6) does not merely impeach or contradict the former evidence." *State v. Petro* (1947), 148 Ohio St. 50S, syllabus.
>
> ¶ 48 Initially, we note the peculiar nature of appellant's request. He asks this court to grant him a new trial so that he can argue that he has been deprived, through the state's destruction of evidence, of the opportunity to rebut the state's evidence that the key that was discovered on his person was used to operate the ignition to the truck. However, when he believed that such evidence had not been destroyed, he never attempted to introduce evidence to rebut or impeach the state's witnesses. As stated above, the existence of the evidence does not undermine confidence in the jury's verdict. There is not a strong possibility that the evidence will change the outcome of the trial. As such, appellant's argument fails under the first requirement of the test outlined in *Petro*.
>
> ¶ 49 For the foregoing reasons, we find that the trial court did not abuse its discretion when it denied appellant's request for a new trial. Accordingly, appellant's third assignment of error is overruled.

(Opinion, Ex. 12 to Return of Writ, Doc. No. 6, PageID 247-251.)

Petitioner's long argument in his Traverse on the subject of *Brady* and destroyed evidence does not persuade this Court that the Ohio Court of Appeals decision was an objectively unreasonable application of *Brady* or of *California v. Trombetta*, 467 U.S. 479 (1984). In brief, the differences between the officers' testimony at the preliminary hearing and at trial do not bespeak perjury. The Court of Appeals finding that the prosecutor adequately revealed the existence of the key is entitled to deference by this Court. And Petitioner has completely failed to explain how information about the destruction of the truck would have been exculpatory. The condition of the

truck's ignition system was completely known to Petitioner who could have testified about what he knew, but chose not to do so.

The Second Ground for Relief is without merit.

## Ground Three

In his third Ground for Relief, Petitioner claims he received ineffective assistance of appellate counsel in that his appellate attorney failed to argue that the prior OMVI convictions had not been proven beyond a reasonable doubt, that he received ineffective assistance of trial counsel, and "sentencing errors under *Blakely*."

**Sub-claim One: Prior Convictions.**

The Court of Appeals resolved the first of these sub-claims by concluding that there was sufficient evidence to allow the jury to find the existence of the prior OMVI convictions beyond a reasonable doubt. Therefore, because this assignment of error would have been without merit, it was not ineffective assistance of appellate counsel to fail to raise it. For the reasons discussed under Ground One above, this decision by the Court of Appeals is not an objectively unreasonable application of the relevant United States Supreme Court law, principally *Jackson v. Virginia* and *Strickland v. Washington.*

**Sub-Claim Two: Trial Counsel Ineffectiveness.**

Petitioner claims his appellate counsel was ineffective for failing to claim that his trial counsel was ineffective for failing to object to the admission of the evidence used to establish his prior convictions. The Court of Appeals rejected this argument because it found that the evidence of prior convictions was sufficient and, *a fortiori*, unobjectionable (Opinion, attached to Return of Writ at PageID 732).

Petitioner specifies his claims about the deficiencies in the proof in his Traverse at PageID 1158-1166. He argues his Bureau of Motor Vehicles record should have been excluded as inadmissible-hearsay record evidence and also as unauthenticated under Ohio R. Evid. 902 and that such an assignment of error would have been a "deadbang winner claim" on direct appeal. But the same Court of Appeals which would have had to decide it was a "deadbang winner claim" held it was completely without merit. It cannot be unconstitutional ineffective assistance of appellate counsel to fail to raise a claim when the very court to which the claim would have been made rules the claim was without merit. It is true as Mr. Cummings points out that his name was misspelled as "Brian Cummins" on several prior judgment entries and that the Indictment did not contain any of the birth dates, Social Security numbers, or license numbers from the prior convictions (Traverse, PageID 1160), but the requirement in *Jackson v. Virginia* is that the evidence be sufficient, not perfect. Petitioner relies on *State v. McCallum,* 2009 WL 805805 (Ohio App. 9th Dist. Mar. 30, 2009), but *McCallum* was decided after Cummings' conviction and in a different Ohio appellate district whose rulings are not binding on the Twelfth District Court of Appeals. Petitioner's reliance on other decisions from the other Ohio courts of appeals are unpersuasive for the same reason. The second sub-claim is without merit.

**Sub-claim Three: Sentencing Errors under *Blakely*.**

Petitioner claims as an additional ground of ineffective assistance of appellate counsel that his appellate counsel failed to assign as error sentencing errors made by the trial judge which allegedly run afoul of *Blakely v. Washington*, 542 U.S. 296 (2004). In his Application for Reopening, Petitioner complained that the trial judge made judicial findings, similar to those found to be error in *State v. Stilwell*, 2007 Ohio 3190, 2007 WL 1810476 (Ohio App. 11th Dist June 22, 2007), without specifying what "findings" he was complaining about. On this point the Court of Appeals held:

> Finally, appellant argues appellate counsel was ineffective for not presenting an assignment of error relating to the imposition of more than a minimum sentence. Appellant claims the trial court made impermissible factual findings in violation of *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, when it imposed sentence.
>
> A review of both the trial court's sentencing entry and the transcript of the sentencing hearing demonstrate that the trial court considered those sentencing factors which it was entitled to consider and did not consider or rely upon any factors or make any factual findings ruled unconstitutional by the supreme court's decision in *Foster*.

(Opinion, PageID 732.) In examining the Judgment of Conviction Entry (Exhibit 3 to Return of Writ, PageID 60-62), this Court finds in it none of the findings which were required to be made by Ohio trial judges under Senate Bill 2 but found to be unconstitutional by the Ohio Supreme Court in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006). Rather, the trial judge imposed a sentence within the maximum allowed by the findings on offenses and specifications made by the jury; in no way is Petitioner's sentence "enhanced" as that term is used in the *Apprendi-Blakely-Foster* line of cases beyond what the verdicts permit. A state trial judge is in no way prohibited

from relying on facts made known to him or her in a presentence investigation report by a probation department. The Court of Appeals decision on this point is not an objectively unreasonable application of the relevant United States Supreme Court case law.

Based on this analysis, Petitioner's third Ground for Relief is without merit.

## Ground Four

In his fourth Ground for Relief, Petitioner claims that he is entitled to habeas corpus relief on the grounds of actual innocence and new evidence.

There is no freestanding federal right to a writ of habeas corpus on the basis of being actually innocent. *Herrera v. Collins*, 506 U.S. 390 (1993). Actual innocence "counts" for habeas corpus purposes only as a way of excusing procedural default. *Schlup v. Delo*, 513 U.S. 298 (1995), adopting standard from *Murray v. Carrier*, 477 U.S. 478 (1986); accord, *House v. Bell,* 547 U.S. 518 (2006). Similarly, there is no right to a writ of habeas corpus on presentation of new evidence. Petitioner cites no federal law at all supporting such a right.

Instead, in his Traverse under the Fourth Ground for Relief, Petitioner attempts to resurrect seven claims of ineffective assistance of trial counsel which he claims were properly raised "under the guise of ineffective assistance of appellate counsel" (Traverse, Doc. No. 21, PageID 1170). These claims are not properly before the Court because they are not pled in the Petition. Furthermore, these are not the claims of ineffective assistance of trial counsel underlying the claim of ineffective assistance of appellate counsel in Petitioner's proposed Second Assignment of Error in his Rule 26(B) Application (Application, Ex. 25 to Return of Writ, PageID 443). Thus they were

not fairly presented to the Court of Appeals for decision even as claims of ineffective assistance of trial counsel underlying a claim of ineffective assistance of appellate counsel.

The fourth Ground for Relief is without merit.

### Conclusion

The Petition herein should be dismissed with prejudice. In reaching this conclusion, the Magistrate Judge has not in any way relied upon the Respondent's argument of procedural default based on failure to appeal to the Ohio Supreme Court from the denial of Petitioner's Rule 26(B) Application. Petitioner has not established any entitlement to an evidentiary hearing in this matter. The Magistrate Judge believes reasonable jurists could disagree with his conclusions on Grounds One and Two, but not on Grounds Three and Four. Therefore, if Petitioner appeals from any eventual decision of this Court, he should be granted leave to appeal *in forma pauperis* and a certificate of appealability on Grounds One and/or Two, but not on Ground Three and/or Four.
June 8, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and

Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

**Because of the length of Petitioner's Traverse, the Court cautions him that any objections should be limited to twenty pages or be accompanied the summary (not more than five pages) required by S. D. Ohio Civ. R. 7.2(a)(3).**