# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

BRIAN J. CUMMINGS,

                                :

        Petitioner,                    Case No. 1:09-cv-241

                                :          District Judge S. Arthur Spiegel

    -vs-                                Magistrate Judge Michael R. Merz

WARDEN, Ross Correctional Institution,

                                :

        Respondent.

---

## REPORT AND RECOMMENDATIONS ON MOTION FOR SUMMARY JUDGMENT; ORDER ON MOTION TO EXPAND THE RECORD

---

### Motion for Summary Judgment

      This habeas corpus case is before the Court on Petitioner's Motion for Summary Judgment (Doc. No. 32), filed June 30, 2010, while a Report and Recommendations is pending on the merits.

      The Rules Governing § 2254 Cases do not expressly encompass a summary judgment practice.  Habeas Rule 12 does permit application of the Civil Rules when not inconsistent with the habeas statutes or rules and this Court has occasionally permitted summary judgment practice in capital habeas corpus cases, particularly when useful to split legal questions on which there are no disputed facts from decision on the merits.

      Here, however, summary judgment practice is inappropriate.  In the first place, the case had become ripe for decision on the merits on completion of what would be pretrial practice in an

-1-

ordinary civil case. A recommended decision on the merits has been filed and Petitioner sought and received a forty-five day extension of time to file objections, not a summary judgment motion.

However, because Petitioner is proceeding *pro se*, the Court will consider the arguments made in the summary judgment motion.

Petitioner relies on the documents of record at Doc. No. 22, exhibits admitted in evidence in Petitioner's trial. These are

1. a Driver Record Certification for the Petitioner (PageID 1185-1192),

2. a license suspension notification to Petitioner dated 6/11/2005 (PageID 1193-1195),

3. another license suspension notification to Petitioner dated 12/9/2004 (PageID 1196-1198),

4. another license suspension notification to Petitioner dated 3/18/2004 (PageID 1199-1203),

5. an Ohio Bureau of Motor Vehicles Notice of Possible CDL Disqualification/Immobilization/Forfeiture relating to a violation on October 6, 2005 (PageID 1204);

6. a Notice of Reinstatement Requirements showing Petitioner's license was suspended from October 7, 2005, to October 7, 2007 (PageID 1205-1207),

7. a certified copy of a Judgment of Conviction Entry in Butler County Common Pleas Court Case No. CR2005-10-1844, finding Petitioner guilty of violating Ohio Revised Code § 4511.19(A)(1)(a) as a third degree felony (PageID 1208-1209),

8. a certified copy of a Judgment of Conviction Entry in Butler County Common Pleas Court Case No. CR00-05-0742, finding Petitioner (with his name misspelled as "Brian J. Cummins") guilty of violating Ohio Revised Code § 4511.19 as a misdemeanor of the first degree (PageID 1210),

-2-

9.      a certified copy of an Amended Judgment of Conviction Entry in Butler County Common Pleas Court Case No. CR00-06-0897, finding Petitioner (with his name misspelled as "Brian J. Cummins") guilty of violating Ohio Revised Code § 4511.19 as a felony of the fourth degree and carrying a concealed weapon (PageID 1211-1212),

10.     a certified copy of a Journal Entry in the Hamilton, Ohio, Municipal Court finding Petitioner guilty of violating Ohio Revised Code § 4511.19 as a third offense (PageID 1213),

11.     a certified copy of a Journal Entry in Butler County Court Area II, Case No. TRC 9501616-A finding Petitioner guilty of violating Ohio Revised Code § 4511.19 (PageID 1214),

12.     a certified copy of a Journal Entry in the Hamilton, Ohio, Municipal Court Case No. 95 TRC 01341-A, finding Petitioner guilty of violating Ohio Revised Code § 4511.19(A) (PageID 1215), and

13.     a certified copy of a Journal Entry in Butler County Court Area II in Case No. TRC 9500648-A finding Petitioner guilty of violating Ohio Revised Code § 4511.19.

Petitioner notes that he was indicted for driving under the influence of alcohol in violation of Ohio Revised Code § 4511.19 with a specification of having been convicted of five or more prior offenses within the past twenty years. The documents added to the record at Doc. No. 22 were produced by Respondent pursuant to Judge Black's Order of March 8, 2010 (Doc. No. 17) which ordered the production of "the prior conviction entries and BMV report." *Id.* at PageID 1084.

Based on these documents, Petitioner argues that the State failed to prove the case against him because it did not prove five prior offenses within twenty years. Petitioner asserts that the 2006 entry was not admissible at trial and when it is excluded, there are only three prior convictions (Motion, Doc. No. 32, at 1252).

Petitioner claims that when the April 20, 2006, Judgment Entry was offered (item 7 above), the trial judge excluded it; Petitioner relies on pages 125-127 of the trial transcript which are attached to his Motion (PageID 1261-1263). Petitioner has misread what happened. Actually, the trial judge excluded of Sergeant McGill who was then on the witness stand with respect to the Judgment Entry in question. The judge found that the Judgment Entry was self-authenticating and would be admitted and that the prosecutor could tie up the entry with other evidence in closing argument (Tr. 126, l. 23, to 127, l. 7).

Petitioner next claims that "the September 26, 2000 case No. Cr-06-0742 judgement [sic] of conviction entry and the September 26, 2000 case No. CR-00-0600897 amended judgement [sic] of conviction entry are entries of the same case. (attached t.r. 165-166)" (Motion, Doc. No. 32, at PageID 1253). This claim is refuted by the face of the record. It is true that Petitioner was sentenced on September 26, 2000, under two separate case numbers, but they were for different offenses: in the body of the Judgment in CR00-05-0742 Judge Crehan specifically provided that the sentence in that case "is to run consecutive with sentence imposed in CR00-06-0897." (Doc. No. 22, PageID 1210). The transcript pages attached by Petitioner appear to be excerpted from the prosecutor's closing argument. In the first part of the excerpt, she is arguing about whether one of the prior convictions was a felony; in the latter part, she is arguing about whether there are five or more prior convictions within twenty years.

Petitioner argues that Respondent cannot submit the "2006 unsubstantiated prior conviction entry" to this Court (Motion, Doc. No. 32, PageID 1253). In submitting the documents listed above, the Respondent Warden was complying with Judge Black's Order to file with this Court the "prior convictions and BMV report" which were evidence at trial. Unless Petitioner has some proof that

these are not the documents submitted to the trial court, this Court has no basis to exclude them from the record.

In the pending Report and Recommendations, the Magistrate Judge has dealt with the claims Petitioner makes in his Motion for Summary Judgment under his First Ground for Relief, which reads:

> **Ground One:** Petitioner is entitled to habeas corpus relief on grounds that his conviction is based on insufficient evidence, is void for lack of proof.
>
> **Supporting Facts:** The State of Ohio failed to prove, beyond a reasonable doubt, Petitioner's guilt pertaining to the conviction of 'D.U.I. with priors,' and failed to prove the conviction for 'driving under a suspended license,' in violation of the 14th Amendment.

(Petition, Doc. No. 1, as quoted in Return of Writ, Doc. No. 6, PageID 33.) The Report recommends dismissing this ground for relief with prejudice because it is procedurally defaulted: it depends on the record but was never presented to the Ohio Court of Appeals on direct appeal (Report and Recommendations, Doc. No. 30, PageID 1231-1237). Because this ground for relief is defaulted, Petitioner is not entitled to relief. But in addition, the claim is without merit: the evidence submitted to the jury at trial, as refiled here at Doc. No. 22, shows Petitioner had **seven** prior convictions within twenty years. All of them were proved at trial by certified copies of the judgments and connected to Petitioner by showing their recording in his driving record with the Bureau of Motor Vehicles. Therefore the Motion for Summary Judgment should be denied.

**Motion to Expand the Record**

Petitioner also moves to expand the record pursuant to Habeas Rule 7 "with affidavits and towing company receipt." (Motion, Doc. No. 33, PageID 1275).  He asserts these documents will serve as "prima facie evidence in petitioner's objection to the Magistrate Report and Recommendation."  *Id.*  Attached to the Motion are the following:

1.   PageID 1279 which appears to be a two-page document from Mitchell's Towing & Salvage Center (incompletely copies, date missing), overlayed in part with a document purporting to be from RD Auto Parts & Crushing dated May 9, 2006.

2.   PageID 1280, a letter dated December 15, 2008, from Ronald Mote, President of O & M Construction, Inc., "To the Court System State of Ohio" in part relating to the ignition on the truck and in part asking the system to give Mr. Cummings another chance.

3.   PageID 1281, a December 10, 2008, affidavit from Joel Lewis stating there was no ignition device in the steering column of Petitioner's truck.

4.   PageID 1282, an identical affidavit from Auson Lewis.

5.   PageID 1283, an identical affidavit from Angela Frederick.

6.   PageID 1284, an identical affidavit from Ruth Henson.

7.   PageID 1285, an identical affidavit from Delores Cummings.

8.   PageID 1286, an identical affidavit from Danny Isaacs.

9.   PageID 1287, an identical affidavit from Marilyn Stephens.

As to relevance, Petitioner asserts that the destruction of the truck was not disclosed to him before trial and that its destruction somehow constitutes material the prosecutor should have

disclosed under *Brady v. Maryland*, 373 U.S. 83 (1963). Without ruling now on relevance, the Court will allow the addition of PageID 1279 to the record provided Petitioner supplies complete copies of both documents which are depicted on PageID 1279 not later than the time he files his objections.

The affidavits, on the other hand, will not be allowed. They are hearsay. They also do not satisfy Fed. R. Evid. 602 in that they give no indication of how the various affiants know what they are testifying about. They were obviously prepared on a fill-in-the-blanks form and more than a year after trial. Thus their competence, relevance, and materiality are all undemonstrated.

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. **The Court on its own Motion extends to and including August 9, 2010, the time within which Petitioner may object to the recommendations herein on the Motion for Summary Judgment. Any such objections shall be combined in one document with Petitioner's objections to the pending Report and Recommendations.**

Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

July 6, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge