# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRIAN J. CUMMINGS,

:

    Petitioner,                                 Case No. 1:09-cv-241

:         District Judge S. Arthur Spiegel
   -vs-                                      Magistrate Judge Michael R. Merz

WARDEN, Ross Correctional Institution,

:

    Respondent.

---

**ORDER DENYING RENEWED MOTION TO EXPAND THE RECORD;
SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

---

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 35) and Renewed Motion to Expand the Record (Doc. No. 36). The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

**Present Status of the Case:**

On June 8, 2010, the Magistrate Judge filed a Report and Recommendations on the merits, recommending this case be dismissed with prejudice. Petitioner was notified of his right to file objections by June 25, 2010 (Doc. No. 30). The time was later extended to August 9, 2010 (Doc. No. 31).

On June 30, 2010, Plaintiff filed a Motion for Summary Judgment (Doc. No. 32).

On July 6, 2010, the Magistrate Judge filed a Report and Recommendations recommending that the Motion for Summary Judgment be denied (Doc. No. 34). The same document contained an

order denying Petitioner's first Motion to Expand the Record. The Magistrate Judge set August 9, 2010, as the objection deadline on this Report.

On August 9, 2010, Petitioner filed Objections (Doc. No. 35) which are treated as responding to both prior Reports and Recommendations, accompanied by a Renewed Motion to Expand the Record (Doc. No. 36).

**Procedural History:**

Petitioner was convicted by a jury in the Butler County Common Pleas Court of operating a motor vehicle under the influence of alcohol with a specification of prior convictions, driving under suspension, and carrying a concealed weapon. Petitioner is serving a ten-year sentence in Respondent's custody (five years on the base OMVI offense, five years consecutive on the specification, six months each concurrent on the suspension and weapons charges). He pleads the following grounds for relief:

> **Ground One:** Petitioner is entitled to habeas corpus relief on grounds that his conviction is based on insufficient evidence, is void for lack of proof.
>
> **Supporting Facts:** The State of Ohio failed to prove, beyond a reasonable doubt, Petitioner's guilt pertaining to the conviction of 'D.U.I. with priors,' and failed to prove the conviction for 'driving under a suspended license,' in violation of the 14th Amendment.
>
> **Ground Two:** Petitioner is entitled to habeas corpus relief on grounds that the prosecution withheld material-exculpatory/evidence, and used perjured testimony.
>
> **Supporting Facts:** The prosecution used evidence by the police that the prosecution knew was perjured testimony, and the prosecution withheld material/exculpatory evidence. In violation of the due process clause, Amend. XIV, thus denying petitioner to a fair trial.

> **Ground Three:** Petitioner was deprived of his constitutional right to the effective assistance on direct appeal.
>
> **Supporting Facts:** Appellate counsel failed to raise on direct appeal that: (1) the 'prior' D.U.I. convictions, were not proven beyond a reasonable doubt, (2) that my trial counsel was ineffective, and (3) sentencing errors under *Blakely*.
>
> **Ground Four:** Petitioner is entitled to habeas corpus relief on grounds of actual innocence and new evidence.
>
> **Supporting Facts:** Petitioner is actually innocent and has new evidence "witness" testimony to prove his innocence. Petitioner's conviction is a fundamental miscarriage of justice as a result of perjured evidence and ineffective counsel.

(Petition, Doc. No. 1, as quoted in Return of Writ, Doc. No. 6, PageID 33.)

In the original Report, the Magistrate Judge recommended denying Ground One as procedurally defaulted because it had not been presented on direct appeal and Petitioner had not shown excusing cause and prejudice or actual innocence (R&R, Doc. No 30, PageID 1235-1237). As to Ground Two, the Magistrate Judge concluded the perjured testimony sub-claim was procedurally defaulted and the Court of Appeals decision on the *Brady v. Maryland* claim was not objectively unreasonable. Id.., PageID 1243. Ground Three claims ineffective assistance of appellate counsel in three particulars, all of which the original Report concluded were without merit. Ground Four – actual innocence and new evidence – was also found to be without merit.

Petitioner's summary judgment motion sought relief on the renewed argument that the State had not properly proven the prior convictions necessary for the enhancement specification in the Indictment. The Report on the Motion concludes, as did the original Report on the merits, that this claim is procedurally defaulted because it was not presented to the Court of Appeals on direct appeal. The Report on the Motion further concludes that the claim is without merit because the State

produced admissible proof of seven prior OMVI convictions within the past twenty years, two more than required for conviction.

## RENEWED MOTION TO EXPAND THE RECORD

Petitioner renews his Motion to Expand the Record and seeks to have the Court consider a towing receipt and nine affidavits.

The towing receipt is dated July 13, 2010, and states that a 1986 gray Chevrolet S-10 truck was destroyed on June 16, 2006. The document is unsigned and unsworn. It gives no indication who is making the statements therein or how they know about a vehicle destruction four years in the past. It is certainly true that this is "new" evidence, because it was created more than a month after the Report and Recommendations on the merits was filed. The Court declines to admit this document as its probative value is nil.

The nine affidavits are as follows:

1. 7/12/2010 Affidavit ( PageID 1309) of Petitioner's mother, Delores Cummings, who says that at some unspecified date she saw the truck in question at 120 South B. Street, Hamilton, Ohio, and it did not have an ignition in it.

2. Another 7/12/2010 Affidavit (PageID 1310) of Delores Cummings who says she lives at 120 South B. Street, Hamilton, Ohio. She states Mitchell Towing is the company which originally towed the truck from the crash scene, but does not say how she knows that. She claims to have spoken with a Scott Perkins who says the truck was destroyed on June 16, 2006, but does not say how he knows. She states she has spoken with an unidentified

employee of R.D. Auto Parts who told her paperwork on the truck would have been sent to some unidentified state office.

3. 7/19/2010 Affidavit of Delores Cummings that on August 28 and 29, 2006, she went to Mitchell's to get a picture of the truck and was told it had been destroyed.

4. 7/12/2010 Affidavit of Petitioner's friend Danny Isaacs who says the truck did not have an ignition when he saw it.

5. Affidavit of Petitioner's sister Angela Frederick (dated 6/12/2010 but sworn to on 7/12/2010) saying the same thing as the Isaacs Affidavit.

6. 7/12/2010 Affidavit of Petitioner's friend Aaron Lewis saying the same thing as the Isaacs Affidavit.

7. 7/12/2010 Affidavit of Petitioner's friend Marilyn Stephens saying the same thing as the Isaacs Affidavit.

8. 7/12/2010 Affidavit of Petitioner's nephew Joel Lewis saying the same thing as the Isaacs Affidavit except that he saw it at a different location.

9. 7/29/2010 Affidavit of Petitioner (PageID 1306) in which he states that "after hearing the prosecutor use the key and ignition system as evidence, I had a heated argument with my counsel, Mr. Fox, about the fact that there was no key or ignition in [sic] regarding the truck." He then sent his wife and mother to photograph the truck, they learned of the prior destruction, and his mother brought him "the receipt." "My attorney, Mr. Fox, brushed it aside and commented that it was to [sic] late to do anything about it." He also avers that he had told his first counsel, Mr. Washington, about the missing ignition, and that is why he questioned Officer Leukhardt, one of the arresting officers, on this point at the preliminary

hearing.  Mr. Cummings attaches transcript pages from the preliminary hearing where the following occurred:

Q. Do you know if keys are necessary to start and turn this vehicle off?

A. No sir I'm not.

Q. Did you check to see that the car keys that were in the defendant's pocket were the same keys for this truck that was turned over?

A. I did not personally no (inaudible).

Q. Do you know if anybody else did?

A. I'm unaware if anybody did.  I was actually transporting the defendant was being very belligerent, had to be escorted to the hospital due to th vehicle accident.

(PageID 1321-1322.)

Respondent opposes the Renewed Motion to Expand the Record on several grounds.  First, he presents authority that it is not proper to admit new evidence that the magistrate judge did not have an opportunity to consider after a report and recommendations is filed.  Because the Magistrate Judge is considering the Objections as upon a recommittal under Fed. R. Civ. P. 72(b), the evidence will not be excluded on that basis.  However, Petitioner is cautioned that Respondent is correct that it is improper to proffer new evidence to the district judge on objections which the magistrate judge has not had an opportunity to consider.

Second, Respondent objects that these affidavits are no less hearsay than the affidavits previously excluded and also do not satisfy Fed. R. Evid. 602.  Third, Respondent asserts Petitioner has not shown he acted with the diligence required by 28 U.S.C. § 2254(e)(2) in gathering this evidence which would be required for its admission or that these facts are "sufficient to establish by

clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offenses."

It is August, 2010.  Petitioner believed at least as of April, 2006, when the accident occurred and the preliminary hearing occurred shortly thereafter, that the absence of an "ignition system"[1] in his truck was important to his case.  Although they do not say when they saw the truck without the ignition system, under Petitioner's theory it must have been before the truck was destroyed on June 16, 2006.  In fact, since none of them say that they saw it at Mitchell's Towing, they presumably made this supposedly critical observation of the lack of an "ignition system" sometime before the crash on April 4, 2006.  None of these witnesses was called at trial to testify about the absence of an ignition system.  Petitioner says he sent his wife and mother to get pictures during the trial and they found the truck was destroyed.  Assuming they could have taken decent pictures to show the absence of an "ignition system," those photographs would have bolstered somewhat their oral testimony that there was no ignition system, but the pictures would not have been admissible without someone taking the stand who had seen the absence of the ignition system.  The Court concludes Petitioner has not shown adequate diligence in gathering the evidence he now seeks to add to the record and his Renewed Motion to Expand is denied.

---

[1]None of the affiants say what they mean by an ignition system.  The truck was not found by the police at 120 South B Street where most of the affiants say they saw it without "an ignition system," but crashed at some other location.  Without an ignition system of some kind, the truck could not have been started and driven by anyone to the crash location.

**Objections**

**First Objection:**

Petitioner objects that the Magistrate Judge did not rule on the merits of the insufficient evidence claim which Petitioner presented on direct appeal (Objections, Doc. No. 35, PageID 1301). The reason for this is that Mr. Cummings did not raise this claim in his Petition (R&R, Doc. No. 30, PageID 1232). Petitioner did argue these claims at length in his Traverse and argues he should have been "granted defference [sic] due to [his] pro se status." (Objections, Doc. No. 35, PageID 1301.) In the interest of thoroughness, the Magistrate Judge will now consider Petitioner's claim, made on direct appeal, that the State failed to offer sufficient evidence that (1) he was the driver of the truck which the police found him near after a crash, (2) he was drunk, or (3) that the items he was found to have on his person constituted deadly weapons.

In deciding these claims, the Twelfth District Court of Appeals wrote:

> [*P10] In appellant's first and second assignments of error, he challenges the sufficiency of the evidence presented at trial and argues that his conviction is against the manifest weight of the evidence. Appellant contends that the trial court erred in denying his Crim.R. 29 motion for acquittal because there was insufficient evidence presented at trial to establish that he operated a vehicle, drove while under the influence of alcohol, or possessed deadly weapons. Appellant also maintains the jury should not have found the state's circumstantial evidence to be credible. We find appellant's arguments to be without merit.
>
> [*P11] The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins,* 78 Ohio St. 3d 380, 386, 1997 Ohio 52, 678 N.E.2d 541. In reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would support a conviction. *State v. Wilson*, Warren App. No. CA2006-01-007,

2007 Ohio 2298, P33. The review of a court's denial of a motion for acquittal under Crim.R. 29 is governed by the same standard as that used for determining whether a verdict is supported by sufficient evidence. *State v. Haney*, Clermont App. No. CA2005-07-068, 2006 Ohio 3899, P14; *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, syllabus. In reviewing a record for sufficiency, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id..

\* \* \*

**[\*P13]** "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." *Wilson* at P 35, citing *State v. Lombardi*, Summit App. No 22435, 2005 Ohio 4942, P 9.

**[\*P14]** Appellant was convicted of OVI in violation of R.C. 4511.19(A)(1)(a), which provides, "[n]o person shall operate any vehicle \* \* \* within this state, if, at the time of the operation \* \* \* [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them."

**[\*P15]** According to the record, appellant was found in the immediate vicinity of the accident within minutes after it occurred, and no other occupants of the vehicle were identified or located. In addition, officers found keys to the vehicle on appellant's person. A crash investigator testified that the damage to the windshield of the truck was consistent with the driver of the truck hitting his head on the windshield, and appellant had a head injury. The crash investigator also testified that if somebody had been in the passenger seat, the passenger would have been pinned in the car. Further, three police officers testified that they believed that appellant was under the influence of alcohol. Each of the officers noted that appellant smelled of alcohol. They also observed that appellant was staggering and had glassy eyes and slurred his speech.

**[\*P16]** Although some of the evidence in this case is circumstantial, circumstantial evidence and direct evidence have the same probative value, and in some instances, certain facts can be established only by circumstantial evidence. *State v. Jenks*, 61 Ohio St.3d at 272.

Moreover, a conviction based solely on circumstantial evidence is no less sound than one based on direct evidence. *State v. Begley* (Dec. 21, 1992), Butler App. No. CA92-05-076, 1992 Ohio App. LEXIS 6457, *6. We find the evidence supporting appellant's conviction to be credible, and we cannot say the jury clearly lost its way or created a manifest miscarriage of justice in finding appellant guilty of OVI.

**[\*P17]** Next, appellant challenges his conviction for carrying a concealed weapon, in violation of R.C. 2923.12(A)(1), arguing that his conviction is against the manifest weight of the evidence.

**[\*P18]** R.C. 2923.12(A)(1) provides, "[n]o person shall knowingly carry or have, concealed on the person's person or concealed ready at hand * * * [a] deadly weapon other than a handgun."

**[\*P19]** R.C. 2923.11(A) provides that a deadly weapon is "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."

**[\*P20]** The parties do not dispute whether that the objects appellant was carrying were capable of inflicting death. However, appellant argues that the objects were not designed or specifically adapted for use as weapons, or that he possessed, carried, or used them as weapons.

**[\*P21]** According to the record, appellant was in possession of five objects, including two knives, two daggers, and a set of brass knuckles. An officer found two knives in appellant's coat pocket, a dagger located in a sheath under appellant's left sock, a set of brass knuckles wrapped in gloves located in his coat pocket, and another dagger in a sheath located inside the vehicle. Each of these objects was admitted into evidence and several police officers testified as to the context of appellant's possession of the items and his behavior through the course of the arrest. Also, one officer testified that that in his experience, knives similar to those found in appellant's possession have been used to cause death.

[\*P22] The jury was instructed that it was required to find beyond a reasonable doubt that appellant possessed a deadly weapon in order to find him guilty of carrying a concealed weapon. Further, the jury was instructed that a "deadly weapon" means "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a

-10-

weapon."

[*P23] Under Ohio law, brass knuckles are considered to be a weapon. R.C. 2923.20, captioned "Unlawful transaction in weapons," makes it unlawful to "[m]anufacture, possess for sale, sell, or furnish to any person other than a law enforcement agency for authorized use in police work, any brass knuckles, cestus, billy, blackjack, sandbag, switchblade knife, springblade knife, gravity knife, or similar weapon." (Emphasis added.)

[*P24] In addition, the Committee Comments to R.C. 2923.11 provide:

[*P25] "'Deadly weapon' is defined as any device capable of causing death, and which is either designed or specially adapted for use as a weapon (such as a gun, knife, billy, or brass knuckles), or is carried, possessed, or used as a weapon (such as a rock or cane when used for offensive or defensive purposes)." See also *State v. Breeden,* Cuyahoga App. No. 84663, 2005 Ohio 510, P 57.

[*P26] Appellant, relying on *State v. Moore* (1989), Butler App. No. CA88-06-087, 1989 Ohio App. LEXIS 1411, argues that R.C. 2923.11 requires the state to prove that he actually used the objects in question as weapons. In Moore, this court reversed a conviction under this statute where there was no evidence that the object in question, a razor, was actually used by the defendant. We now choose to depart from the reasoning in that case, and hold that the plain language of R.C. 2923.11 permits a finding that an object is a deadly weapon if it is capable of inflicting death, and also that the item is designed or specifically adapted for use as a weapon or possessed, carried, or used as a weapon.

[*P27] After reviewing the evidence in this case, we cannot say the jury clearly lost its way or created a manifest miscarriage of justice in finding appellant guilty of carrying a concealed weapon.

[*P28] Having found that appellant's convictions are not against the manifest weight of the evidence, we also find that the evidence presented was sufficient for a rational trier of fact to find the elements of OVI and carrying a concealed weapon proven beyond a reasonable doubt. Appellant's convictions are supported by sufficient evidence and the trial court properly denied appellant's Crim.R. 29 motion.

(Quoted in Return of Writ, Doc. No. 6, PageID 45-51.)

When a state court has ruled on a federal constitutional question, a federal habeas court reviewing that decision must defer to the state court's ruling unless it is contrary to or an unreasonable application of clearly established United States Supreme Court case law. 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362 (2000); *Brown v. Payton,* 544 U.S. 133, 134 (2005). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. Ohio 2009); *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008).

Cummings argues the evidence is insufficient to prove that he was driving the truck that crashed because there is no direct evidence he was driving – no one saw him driving (Traverse, Doc. No. 21, PageID 1123). The vehicle did not belong to him, but he admits it was his mother's. Id... No fingerprints placed him in the driver's seat. Id... He claims his injuries were consistent with his having been the passenger, and he had told the police that his unnamed "best friend" was driving. Id..

Petitioner does not deny that he was in the truck when it crashed. Even though he faced lengthy imprisonment if convicted, he did not subpoena his "best friend" to testify, although the best friend would have been liable at most to conviction for reckless operation, a minor misdemeanor. While no fingerprints were offered, fingerprint evidence in an OMVI case is exceedingly rare and, by Petitioner's hypothesis, the truck and any appended fingerprints had been destroyed more than two months before trial. The State presented an experienced witness to testify about the damage to the windshield's being consistent with the driver's hitting his head in the crash

and Petitioner does not deny he had a head injury. The same witness testified that, given the position of the truck after the crash, any passenger would have been pinned inside. Petitioner now claims he was the passenger and not the driver, but there is no evidence to that effect. As the Court of Appeals found, the testimony showed the Petitioner was found in the immediate vicinity of the vehicle within minutes of the crash, injured and under the influence of alcohol. While the evidence that Mr. Cummings was the driver is circumstantial, as the Court of Appeals pointed out, circumstantial evidence can be sufficient, *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991).) Circumstantial evidence alone is sufficient to support a conviction, and it is not necessary for the evidence to exclude every reasonable hypothesis except that of guilt. *United States v. Kelley,* 461 F.3d 817, 825 (6th Cir. 2006); *United States v. Reed,* 167 F.3d 984, 992 (6th Cir. 1999); *United States v. Beddow,* 957 F.2d 1330, 1334 (6th Cir. 1992). If direct evidence of identity of a perpetrator were required by the Constitution, then murderers who acted one-on-one with their victims could never be convicted.

As to proof that Petitioner was under the influence, the State offered direct evidence of the perception of alcohol on his person from three police officers. He claims his staggering and glassy eyes could have been caused by hitting his head, but that is speculative: no one testified to that nor could the jury be asked to take judicial notice that glassy eyes, slurred speech, and staggering could have been the result of the head injury. He admits he refused a chemical test and that this was prove against him and that the Ohio Supreme Court has held that refusal is admissible circumstantial evidence of being under the influence. (Traverse, Doc. No. 21, PageID 1126.) He notes the Ohio courts have held it is error to admit a refusal when there is another reasonable explanation of the refusal – but no other explanation was offered here: no one testified for the defense.

-13-

Petitioner does not argue the deadly weapon point in his Traverse, but the Court of Appeals opinion on this point is dispositive. Petitioner is not entitled to habeas relief on the sufficiency of the evidence claim he presented on direct appeal.

**Second Objection:**

The insufficiency of evidence claim actually pled in the Petition – insufficiency of evidence of prior convictions – was found to be procedurally defaulted and not excused by ineffective assistance of appellate counsel because the proof of prior convictions was completely adequate.

Petitioner says the evidence of those convictions before this Court and on which the Magistrate Judge relied is not the evidence presented at trial, but admits he is unable to prove that (Objections, Doc. No. 35, PageID 1301).

**Third Objection:**

In his third objection, Petitioner again argues that the truck was material evidence and that is why the State had it crushed because, he claims, the alleged ignition key was the "**ONLY** evidence linking the Petitioner to being the DRIVER of the crashed vehicle." (Objections, Doc. No. 35, PageID 1305, emphasis in the original). As summarized by the Court of Appeals and quoted above, there was ample additional evidence that Petitioner was the driver. Petitioner's claim now is that the key found on his person was not necessary to start the truck because it had "no ignition system." Petitioner had available to him ample witnesses, without taking the stand and exposing himself to cross-examination, of the absence of an "ignition system." He called none of them as witnesses. The destruction of the truck is simply not material evidence. If the absence of an ignition

-14-

system is regarded as material, it was not a Brady violation for the State to fail to disclose it because Petitioner, members of his family, and at least two friends knew of the absence of the ignition system before the crash ever happened.

## Conclusion

Based on the foregoing analysis, it is again respectfully recommended that the Petition herein be dismissed with prejudice.

August 21, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).