```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

BRIAN J. CUMMINGS,  :  NO. 1:09-CV-00241

    Petitioner,  :

    v.  :  **OPINION AND ORDER**

WARDEN, ROSS CORRECTIONAL INSTITUTION,  :

    Respondent.  :

This matter is before the Court on the Magistrate Judge's Reports and Recommendations (docs. 30, 34), Petitioner's Objections and Motion to Expand the Record (doc. 35), the Magistrate Judge's Supplemental Report and Recommendations (doc. 38), and Petitioner's Objections (docs 40, 41). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Reports and Recommendations, DENIES Petitioner's Objections, and DISMISSES Petitioner's Petition for Writ of Habeas Corpus, with prejudice.

Petitioner filed his pro se Petition for a Writ of Habeas Corpus on April 6, 2009, challenging his ten-year sentence in the Butler County, Ohio Court of Common Pleas for operating a motor vehicle under the influence of alcohol with a specification of prior convictions, driving under suspension, and carrying a concealed weapon (doc. 1). Petitioner pleads four grounds for relief: 1) his conviction is based on insufficient evidence, is void for the lack of proof, 2) the prosecution withheld material –

exculpatory evidence and used perjured testimony, 3) ineffective assistance of counsel on direct appeal, and 4) actual innocence and new evidence (Id.).

**I. The Magistrate Judge's Report and Recommendation**

The Magistrate Judge thoroughly reviewed each of Petitioner's grounds of relief (doc. 30). As for Petitioner's first ground for relief, the Magistrate Judge found Petitioner failed to present on direct appeal the claim he asserts now, that the evidence of prior convictions and the evidence of driving under suspension was insufficient (Id.). Such ground, being based on different theories than what Petitioner pursued on appeal, concluded the Magistrate Judge, is procedurally defaulted (Id.). The Magistrate Judge further found Petitioner has not proven ineffective assistance of appellate counsel as to such claim, and therefore he has not excused his procedural default in failing to present it on direct appeal (Id.). The Magistrate Judge also found no new evidence attached to the Petition which would support a claim of actual innocence, and therefore found no basis under such theory to excuse Petitioner's procedural default (Id.).

The Magistrate Judge found Petitioner's second ground for relief without merit, that of prosecutorial misconduct by use of perjured testimony and the withholding of exculpatory evidence (Id.). As to the perjured testimony claim, the Magistrate Judge found such claim was not presented to the state courts, and is

2

therefore procedurally defaulted (Id.). As for the claim that the prosecution withheld exculpatory evidence, the Magistrate Judge found such claim without merit (Id.). Petitioner had raised on direct appeal the claim that the state failed to disclose the evidence of his truck's ignition key and that the state destroyed his wrecked pickup truck, arguing that the key and truck constituted exculpatory evidence (Id.). The Magistrate Judge found that Petitioner completely failed to explain how information about the destruction of the truck would have been exculpatory, and that the Court of Appeals finding that the prosecutor adequately revealed the existence of the key is entitled to deference (Id.). The Magistrate Judge concluded the condition of the truck's ignition system was known to Petitioner who could have testified about what he knew, but he chose not to do so (Id.).

As for Petitioner's third ground, the Magistrate Judge found Petitioner claims he received ineffective assistance of appellate counsel in that his appellate counsel failed to argue that his prior D.U.I. convictions were not proven beyond a reasonable doubt, that he received ineffective assistance of trial counsel, and that there were "sentencing errors under Blakely" (Id.). As for sub-claim one, the Magistrate Judge found it was not objectively unreasonable for the Court of Appeals to have concluded there was sufficient evidence to allow the jury to find the existence of the prior convictions beyond a reasonable doubt (Id.).

3

As for the second sub-claim, the Magistrate Judge found it could not have amounted to ineffective assistance of counsel to fail to object to the evidence of his prior convictions, when the Court of Appeals found such evidence sufficient (Id.). The Magistrate rejected Petitioner's argument that the Bureau of Motor Vehicles record should have been excluded as inadmissible hearsay, as unauthenticated, and that his name was misspelled on prior judgment entries, which lacked specific identifying information (Id.). Citing Jackson v. Virginia, 443 U.S. 307, 319 (1979), the Magistrate Judge found the requirement is that evidence be sufficient, not perfect (Id.). As for Petitioner's third sub-claim, the Magistrate Judge found no basis for a claim under Blakely v. Washington, 542 U.S. 296 (2004) (Id.). The Magistrate Judge first noted that the Court of Appeals noted that the trial court considered the sentencing factors it was entitled to consider and did not consider or rely on any factual findings ruled unconstitutional by the supreme court's decision in State v. Foster, 109 Ohio St.3d 1(Ohio, 2006)(Id.). Rather, the Magistrate Judge found, the trial judge imposed a sentence within the maximum allowed by the findings on offenses and specifications made by the jury, and in no way was Petitioner's sentence enhanced contrary to law beyond what the verdicts permitted (Id.).

In his fourth and final Ground for Relief, Petitioner claims he is entitled to habeas corpus relief on the grounds of

4

actual innocence and new evidence (Id.). The Magistrate Judge found no basis in law for a right to habeas corpus under such theories, citing Herrera v. Collins, 506 U.S. 390 (1993), and noting that actual innocence is only relevant in habeas proceedings as a way of excusing procedural default (Id.). The Magistrate Judge found Petitioner in his Traverse is merely trying to resurrect seven claims of ineffective assistance of trial counsel, and such claims are not properly before the Court because they are not pled in the Petition (Id.). Moreover, the Magistrate Judge found such claims were never fairly presented to the Court of Appeals for decision even as claims of ineffective assistance of trial counsel underlying a claim of ineffective assistance of appellate counsel (Id.). As such, the Magistrate Judge concluded Petitioner's fourth Ground for Relief lacks merit (Id.).

      Having reviewed and rejected each of the Grounds of Petitioner's Petition, the Magistrate Judge concluded the Petition should be dismissed with prejudice (Id.). In reaching such conclusion, the Magistrate Judge stated that he in no way relied on the Respondent's argument of procedural default based on the failure to appeal to the Ohio Supreme Court from the denial of Petitioner's Rule 26(B) Application (Id.). The Magistrate Judge found no basis for an evidentiary hearing in this matter (Id.). Finally, the Magistrate Judge found that because reasonable jurists could disagree with his conclusions on Grounds One and Two, but not

5

on Grounds Three and Four, then if Petitioner would appeal, he should be granted leave to appeal in forma pauperis and a certificate of appealability should issue on Grounds One and/or Two, but not as to Grounds Three and/or Four (Id.).

## II. Petitioner's Motions for Summary Judgment and to Expand the Record

Shortly after the Magistrate Judge issued his Report and Recommendation, Petitioner filed a Motion for Summary Judgment (doc. 32), and a Renewed Motion to Expand the Record (doc. 33). The Magistrate Judge found summary judgment practice inappropriate in this matter, but because Petitioner is proceeding pro se, considered the motion nonetheless (doc. 34).

In his dispositive motion, Petitioner essentially challenges the state's proof of his five or more prior convictions within the past twenty years, which was necessary for the enhancement specification in the Indictment (doc. 32). The Magistrate Judge reviewed each of Petitioner's arguments and found them lacking in merit (doc. 34). The Magistrate Judge first found that Petitioner misread what happened regarding the April 20, 2006 Judgment Entry, which the trial court found would be admitted as self-authenticating (Id.). The Magistrate Judge rejected Petitioner's argument that his two September 26, 2000 convictions, under two separate case numbers, were actually only entries of the same case (Id.). Such contention, found the Magistrate Judge, is refuted by the record (Id.). The Magistrate Judge further found no

6

basis to exclude the 2006 prior conviction entry, as Petitioner has no proof that such documents were not submitted to the trial court (Id.). Finally, the Magistrate Judge reiterate that Petitioner defaulted on his first Ground for Relief based on insufficient evidence, but that in any event, such Ground is without merit as the record shows Petitioner had seven prior convictions within twenty years (Id.). As such, the Magistrate Judge found that summary judgment should be denied (Id.).

The Magistrate Judge found no basis for Petitioner's motion to expand the record (doc. 33), as to the affidavits he attached (doc. 34). The Magistrate Judge found such affidavits hearsay, that they failed to satisfy Fed. R. Evid. 602, and that they were of questionable competence, relevance, and materiality (Id.). However, the Magistrate Judge allowed Petitioner to supplement the record with the towing company receipt, so long as Petitioner could provide complete copies of the document when he would file his objections (Id.).

**III. Petitioner's Objections to the Magistrate Judge's Report and Recommendation, and the Magistrate Judge's Supplemental Report and Recommendation**

Petitioner objected to the Magistrate Judge's Report and Recommendation as to Grounds One and Two in his Petition (doc. 35). Petitioner objected to the Magistrate Judge's decision not to reach his arguments regarding insufficient evidence (Id.). Petitioner further objected that the destruction and withholding of his truck

7

and key in view violate both Brady v. Maryland, 373 U.S. 83 (1983)(state has a duty to provide exculpatory evidence in a criminal case), and California v. Trombetta, 467 U.S. 479 (1984)(law enforcement agencies required to establish rigorous procedures to preserve captured material evidence for the use of defendants).

The Magistrate Judge subsequently issued a third Supplemental Report and Recommendation (doc. 38), and denied Petitioner's Motion to Expand the Record (Id.). Although the Magistrate Judge had initially refused to reach the merits of Petitioner's insufficient evidence claim, "in the interest of thoroughness" he did so in his third Report and Recommendation (Id.). The Judge reviewed the Court of Appeals decision which found 1) that Petitioner was the driver of the truck which the police found him near after a crash, 2) that Petitioner was drunk, and 3) that the items found on Petitioner's person constituted deadly weapons (Id.). The Court of Appeals decision found that although some of the evidence in this case was circumstantial, it was nonetheless adequate for a jury to find Petitioner guilty (Id.). The Magistrate Judge noted that when a state court has ruled on a federal constitutional question, a federal habeas court reviewing such decision must defer to the state court's ruling unless it is contrary to or an unreasonable application of clearly established United States Supreme Court law (Id. citing 28 U.S.C.

8

§ 2254(d)(1); <u>Williams v. Taylor</u>, 529 U.S. 362 (2000), <u>Brown v. Payton</u>, 544 U.S. 133, 134 (2005).  The Magistrate Judge noted that Petitioner did not deny that he was in the truck when it crashed, but that he claimed his unnamed "best friend," was driving (<u>Id</u>.).  Petitioner did not subpoena such friend to testify (<u>Id</u>.).  The state produced expert testimony that the damage to the windshield's being consistent with the driver's hitting his head in the crash, and Petitioner does not deny he had a head injury (<u>Id</u>.).  The same expert testified that given the position of the truck after the crash, any passenger would have been pinned inside (<u>Id</u>.).  All of this evidence, though circumstantial, the Magistrate Judge found, was sufficient to support Petitioner's conviction (<u>Id</u>.).

As for proof that Petitioner was under the influence, the state provided evidence of three police officers who perceived him to be staggering, with glassy eyes, and slurred speech (<u>Id</u>.). Although Petitioner claims such evidence could be consistent with a head injury, he proffered no one to testify as to such theory, nor could the jury be asked to take judicial notice of such theory (<u>Id</u>.). Finally the Magistrate Judge noted that Petitioner refused to submit to a chemical test, and such refusal under Ohio law is admissible circumstantial evidence of being under the influence (<u>Id</u>.).  The Magistrate Judge notes that Defendant offered no testimony of an explanation for his refusal to submit to the test, and therefore such refusal was properly admitted as circumstantial

9

evidence (Id.). Finally, the Magistrate Judge noted that Petitioner did not argue his deadly weapon point in his Traverse, and the Court of Appeals opinion on this point--that the two knives, two daggers, and a set of brass knuckles in his possession constituted deadly weapons-is dispositive (Id.).

The Magistrate Judge next addressed Petitioner's insufficiency of the evidence claim actually pled in the Petition, regarding the sufficiency of Petitioner's prior convictions (Id.). The Magistrate Judge noted this claim was procedurally defaulted, but that in any event, Petitioner is unable to prove the evidence of such convictions before the Court is not the evidence presented at trial (Id.).

In Petitioner's final objection, Petitioner again argued that the truck was material evidence and the ignition key was the only evidence linking him to the truck (doc. 35). The Magistrate Judge rejected such contention, based on the evidence summarized by the Court of Appeals, and summarized above. Although Petitioner now claims the truck had no ignition system so that the key found on his person was not necessary to start the truck, Petitioner called no witness to testify as to such claim (doc. 38). The Magistrate Judge concluded the destruction of the truck simply is not material evidence (Id.). Even if the absence of the ignition system is regarded as material, the Magistrate Judge opined that it was not a Brady violation for the state to fail to disclose that

10

because Petitioner, members of his family, and at least two friends, according to all of their affidavits, knew of such absence before the crash ever happened (Id.).

As a final matter, the Magistrate Judge denied Petitioner's Renewed Motion to Expand the Record so as to have the court consider a towing receipt and the nine affidavits (Id.). The Magistrate Judge found the towing receipt probative of nothing, and though he denied the motion to supplement the record to consider the nine affidavits, as mentioned above, he noted that they showed evidence that was available at the time of trial, but not proffered (Id.).

**IV. Petitioner's Objections to the Supplemental Report and Recommendation and Supplemental Objections**

Petitioner argues in his final objections that he only became aware of the need to produce evidence of the missing ignition system "upon hearing the spurious testimony of the three police officers" (doc. 40). However he contends it was impossible to provide photographic evidence of the lack of an ignition system because the state had destroyed the truck (Id.). Petitioner further challenges the testimony of Defendant's expert claiming it is not unreasonable to conclude that Petitioner was the passenger, and that photographs of the truck show a person could have been sitting in the passenger seat after the crash (doc. 41).

**V. Conclusion**

11

The Court finds the Magistrate Judge offered an incredibly thorough review of the record and the applicable law which convinces the Court that Petitioner is not entitled to the habeas relief he seeks in his Petition. The Court agrees with the Magistrate Judge that the Court of Appeals of Ohio more than adequately justified the sufficiency of the evidence brought against Petitioner. Even if Petitioner's claim is true that there was no ignition system to the truck, there was plenty of other evidence linking him to the vehicle. The Court finds no materiality to the evidence the state destroyed and no basis for a claim pursuant to Brady and/or Trombetta.

Accordingly, having reviewed this matter, the Court finds the Magistrate Judge's Reports and Recommendations well-taken in all respects. The Court therefore ADOPTS and AFFIRMS the Magistrate Judge's Reports and Recommendations (docs. 30, 34, 38), and DENIES Petitioner's Motion for Summary Judgment (doc. 32). As such the Court DISMISSES Petitioner's Petition (doc. 1) with prejudice.

The Court further FINDS that a certificate of appealability should not issue with respect to this Order on Grounds Three and Four of his Petition, because under the two-part standard established in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling or whether

Petitioner has stated a viable constitutional claim. The Court further CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order as to Grounds Three and Four would not be taken in good faith, and therefore the Court DENIES Petitioner leave to proceed on appeal in forma pauperis upon a showing of financial necessity. Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

However, the Court FINDS that a certificate of appealability should issue with regards to Grounds One and Two of his Petition, and that Petitioner should likewise be granted leave to appeal in forma pauperis as to Grounds One and Two.

SO ORDERED.

Dated: February 23, 2011   /s/ S. Arthur Spiegel
                            S. Arthur Spiegel
                            United States Senior District Judge

13